IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| *IN RE*: | * | |
| | * | CASE NO.: 22-12654-JCO |
| ALI KAMRAN QURESHI, | * | CHAPTER 13 |
| | * | |
| Debtor. | * | |

## MEMORANDUM ORDER AND OPINION

This matter came before the court on the Debtor's Objection (doc. 16) to the Proof of Claim filed by American Express National Bank and the Response thereto (doc. 19). Proper notice was given and appearances were noted by Attorney Stephen L. Klimjack as counsel for the Debtor, Ali Kamron Qureshi, and Attorney Michael A. Harrison as counsel for American Express National Bank. Upon consideration of the pleadings, the record, the proof of claim as amended, and the arguments of counsel, this court finds that the Debtor's Objection to Claim is due to be overruled for the reasons below.

### JURISDICTION

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334 and the Order of Reference of the District Court dated August 25, 2015. This is a core proceeding under 28 U.S.C. §157(b)(2)(B).

1

## FACTS

The Debtor, Ali Kamran Qureshi, filed Chapter 13 bankruptcy on December 23, 2022. American Express National Bank ("Creditor") filed a proof of claim ("Claim") on January 19, 2023. (ECF Claim No. 1-1). The Claim asserts an unsecured debt in the amount of $3252.82 based on a credit card account. (*Id.*) The attachments to the claim include: (1) a "Traditional Green Card" statement rendered to the Debtor indicating an outstanding balance due of $3252.82 as of March 27, 2018; and (2) a claim balance itemization reflecting that the last payment on the account was in January 2018. (ECF Claim No. 1-1 at 4-6). The Creditor thereafter amended its Claim to provide more documentation including a statement with a closing date of January 26, 2018 reflecting that: (1) the Debtor had exceeded the $3000.00 credit limit; (2) the account was past due; (3) the last payment of $100.00 was received by agency remittance on January 26, 2018; (4) cancellation of the account charging privileges; and (5) a total balance remaining outstanding. (ECF Claim No. 1-2 at 4-10)

The Debtor listed the $3262.00 unsecured debt owed to the Creditor as undisputed in the bankruptcy schedules.(Doc. 1 at 27). Additionally, the Debtor has not disputed: (1) that the Creditor sent the account statements attached to the Claim; (2) the amounts claimed therein; or (3) the transaction dates reflected. The sole basis for the Debtor's Objection to the Claim is that collection of the debt is time-barred because the three-year statute of limitation expired pre-petition. In response, the Creditor asserts that the Claim is due to be allowed because the applicable statute of limitation is six years.

2

Case 22-12654    Doc 35    Filed 04/11/23    Entered 04/11/23 15:45:44    Desc Main
Document      Page 2 of 7

ANALYSIS

*Prima Facie Validity of Proof of Claim*

When a proof of claim contains all the information required under Rule 3001, it constitutes prima facie evidence of the validity and amount thereof. *Fed. R. Bankr.P. 3001(f)*. The burden then shifts to the objecting party to " 'come forward with enough substantiations to overcome the claimant's prima facie case.' " *In re Walston*, 606 F. App'x 543, 548 (11th Cir. 2015)(*citing Benjamin v. Diamond* (*In re Mobile Steel Co.*), 563 F.2d 692, 701 (5th Cir.1977) (*quoting 3A Collier on Bankruptcy* ¶ 63.06 (14th ed.1976)). If the objecting party overcomes the prima facie case, then the burden of proof falls to the party that would bear the burden outside of bankruptcy. *Id; Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000); *9 Collier on Bankruptcy* ¶ 3001.09[2] (16th ed.2015).

Here, the Creditor timely filed its fully completed and executed Claim on the appropriate form with supporting documentation. The Debtor has not disputed: (1) the sufficiency of the claim forms; (2) the validity of the account charges as of the statement dates; (3) that the account statements were timely rendered; or (4) that the last payment on the account was in January 2018. Thus, the Creditor's Claim is sufficient to establish its prima facie validity and the remaining issue to be determined is whether the Debtor's affirmative defense alleging expiration of the statute of limitation is meritorious.

*Applicable Statute of Limitations*

The applicable statute of limitation depends on whether the obligation is an open account, account stated, or general contract. Under Alabama law, debts based on "open accounts" are subject to a three-year statute of limitation while collection actions on "accounts stated" and

3

general contracts may be commenced within six years. *See Ala. Code §6-2-37* (1975)(providing that actions to recover money due by open or unliquidated account must be commenced within three years from the date of the last item of the account or from the time when, by contract or usage, the account is due); *Ala Code §6-2-34 (1975)*(providing that actions for recovery of money upon a loan, upon a stated or liquidated account and actions upon any simple contract must be commenced within six years). Partial payment on an account before expiration of the applicable statute of limitation re-starts the running of the time period. *Ala. Code §6-2-16 (1975)*. Thus, the type of debt dictates how long the creditor has to collect it. Determining the type of debt is not always an easy undertaking. *See In re Taylor*, 2015 WL 5919872, at 2 (Bankr. M. D. Ala. 2015)(explaining that the task of determining the statute of limitations on a revolving credit agreement ". . .is somewhat akin to placing a square peg into a round hole " because the terms "account stated" and "open account" originated in the mid-19th century well before the advent of modern-day credit cards); *H & H Design Builders, Inc., v. Travelers' Indem. Co.*, 639 So. 2d 697, 700 (Fla. 5th DCA 1994)("[i]t is not as easy as it should be to identify what does – or does not – constitute a cause of action for 'open account' ").

### *Open Accounts*

An open account is one in which some term of the contract is not settled and remains open for adjustment. *N. Alabama Ry. Co. v. Wilson Mercantile Co.*, 9 Ala. App. 269, 273–74, 63 So. 34, 36 (Ala. Ct. App. 1913). "For example, if a number of articles be sold and delivered at the same time, and the price, amount, and time of payment agreed on, this would not be an open account, because all the terms of the contract are agreed on and settled" while "[o]n the other hand, if a single article be sold and delivered, and the price or time of payment be left in uncertainty-this is an open account, because there is a term of the contract to be ascertained-the account is therefore

4

unliquidated; it is open." *Id.* To proceed on an open account theory, it must be proven by competent evidence that some term of the contract was left open and undetermined by the parties. *Nance v. Countess*, 16 Ala.App. 434, 78 So. 464 (1918). A contract which is definite in all of its terms, when nothing, under the terms of the contract, is left for future adjustment, whether it be evidenced by a writing or not, cannot be considered a mere open account. *Union Naval Stores Co. v. Patterson*, 179 Ala. 525, 529, 60 So. 807, 808 (1912).

### *Accounts Stated*

A prima facie case on an account stated is made when: (1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability. *Univ. of S. Alabama v. Bracy*, 466 So. 2d 148 (Ala. Civ. App. 1985). The debtor's admission to the correctness of the statement and to his liability thereon can be express or implied. *Id.* An account rendered and not objected to within reasonable time becomes an account stated and failure to object will be regarded as an admission of correctness of the account. *In re Templeton, 538 B.R. 578, 584* (N.D. Ala. 2015) ("[A]ny debt that was originally an open account ... could be converted into an account stated ... by rendering a statement showing the charges and receiving no objection to those charges...."); *Reddick v. Capouano, Beckman, Russell & Burnett, LLC*, No. 2:19-CV-512-JTA, 2021 WL 1080514, at 1 (M.D. Ala. Mar. 18, 2021), aff'd sub nom. *Reddick by & through Sternberg v. Capouano, Beckman, Russell & Burnett, LLC,* No. 21-11316, 2021 WL 5023969 (11th Cir. Oct. 29, 2021)( "[I]t is well-established that an open account can be converted into an account stated when an account is rendered and not objected to within a reasonable time."); *see also*, *Car Ctr., Inc. v. Home Indem. Co.*, 519 So. 2d 1319, 1322–23 (Ala. 1988); *Home Fed. Savings & Loan*

*Association v. Williams*, 276 Ala. 37, 158 So.2d 678 (1963); *Joseph v. Southwark*, 99 Ala. 47, 10 So. 327 (1891).

## *Credit Card Accounts*

Courts in this jurisdiction have held that credit card debts are subject to a six-year statute of limitation either as an account stated or general contract. *See Brown v. Encore Cap. Grp. Inc.*, 2015 WL 1778380, at 7 (N.D. Ala. 2015)(recognizing that claims for account stated and breach of contract are generally appropriate when attempting to collect a credit card debt and are governed by a six-year statute of limitations); *In re Bunch*, 2014 WL 6661692 (Bankr. N.D. Ala. 2014)(holding that proof of claim based on credit card debt was not time-barred because it was filed within the applicable six-year statute of limitation); *In re Pritchett* 2006 WL 3103161 (Bankr. N.D. Ala. 2006)(finding credit card account was an account stated and therefore the six-year statute of limitation applied); *In re Taylor*, 2015 WL 5919872, at 2 (Bankr. M. D. Ala. 2015)(holding that although a modern-day credit card agreement is closer to an account stated than an open account, even if it cannot be shoe-horned into the definitional parameters, it is nevertheless controlled by the six-year statute of limitations for simple contracts).

## *The Debtor's Objection to the Creditor's Claim Is Due to Be Overruled*

Here, the undisputed facts necessitate overruling the Debtor's Objection to the Claim of American Express because the applicable statute of limitation is six years and the last payment on the account was in January 2018. Although the Debtor contends that the claim was for an open account and therefore barred from collection after the expiration of three years, the evidence does not support such a finding. The Debtor has not put forth any evidence or even alleged that any term of the credit card agreement was left open for negotiation. As credit card agreements are

6

Case 22-12654    Doc 35    Filed 04/11/23    Entered 04/11/23 15:45:44    Desc Main
Document      Page 6 of 7

subject to pre-determined credit limits, defined interest rates, and specified minimum periodic payments, they do not fit the criteria of an open account.

Even if the court were to assume that the agreement between the Debtor and Creditor had been an open account, the attachments to the Claim support the finding that the debt became an account stated. This is so because: (1) the claim reflects that statements of the account were balanced and rendered to the Debtor in 2018[1]; (2) the Debtor did not dispute the correctness of the statements; and (3) the Debtor admitted liability to the Creditor both impliedly (by not disputing the debt) and expressly (by making payments and listing the amount owed as undisputed in his bankruptcy schedules). ECF Claim Nos. 1-1, 1-2; Doc. 1 at 27. Since accounts stated have a six-year statute of limitations and the Debtor's last payment on the account was in January 2018, the Creditor's Claim is not time-barred.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED, ADJUDGED, AND DECREED that the Debtor's Objection to the Proof of Claim of American Express (doc. 16) is OVERRULED and the Claim (ECF Claim 1-2) is ALLOWED.

Dated: April 11, 2023

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE

---

[1] The account statement rendered to the debtor which is attached to Claim 1-2, is dated January 26, 2018, itemizes the charges and credits, reflects an agency remittance of $100.00, indicates that the pre-set credit line of $3000.00 was exceeded, and discloses that the account is past due and closed. Likewise Claim 1-1 is dated March 27, 2018, itemizes the charges for that statement period as well as the balance due and that the account has been closed with a stated balance remaining outstanding.